Case 4:23-cv-01486   Document 13   Filed on 12/04/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UZMA BATUL UMRANI, pro se, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MEDICAL CITY OF DALLAS § <br> (HOSPITAL), FARIBA PAJOOHI, § <br> M.D., AND HAILEE ASHTON ELLIOTT, § <br> RN, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 4:23-cv-1486 |

## ORDER

Pending before this Court are Defendant Fariba Pajoohi, M.D.'s ("Pajoohi") Motion to Dismiss (Doc. No. 7), and Defendant Medical City of Dallas' ("Hospital") Motion to Dismiss (Doc. No. 12). Plaintiff Uzma Batul Umrani ("Plaintiff") did not file a response in opposition.[1] Finding that this Court lacks subject jurisdiction to hear this case, the Court hereby GRANTS both Motions to Dismiss and dismisses this case against all defendants. (Doc. Nos. 7, 12).

Plaintiff filed her complaint pro se alleging medical malpractice and negligence against Hospital, Pajoohi, and Defendant Hailee Ashton Elliott, RN ("Elliott") (collectively "Defendants"). In her complaint, when asked for the Basis of Jurisdiction, Plaintiff checked the box labeled "U.S. Government Plaintiff." (Doc. No. 1 at 11). Both Defendant Hospital and Defendant Pajoohi move to dismiss this case for lack of jurisdiction.

---

[1] Under the local rules of this Court, failure to respond to a motion is taken as a representation of "no opposition." L R 7.4. The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Thus, the Court will address the merits of the motions.

## I.   LEGAL STANDARD

Dismissal under Rule 12(b)(1) is appropriate where the court lacks the statutory or constitutional power to adjudicate the case. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). Once challenged, "[t]he party asserting jurisdiction constantly bears the burden of proof that jurisdiction does in fact exist." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017, cert. denied). Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Generally, federal courts only have jurisdiction over claims "arising under the constitution, laws, or treaties of the United States" (federal question jurisdiction) or claims "between…citizens of different states…" with an amount in controversy above $75,000 (diversity jurisdiction). 28 U.S.C. §§ 1331-1332(a)(1).

Here, Plaintiff asserts claims for medical malpractice and negligence, both of which are state law causes of action. Thus, she has failed to plead facts supporting federal question jurisdiction. Moreover, Plaintiff states that she is a citizen of Texas and resident of Houston, Texas. (Doc. No. 1 at 1). She did not plead facts pertaining to the citizenship or residency of the three Defendants, but Hospital confirms that it is a citizen of Texas and resides in Dallas, Texas. (Doc. No. 12 at 6). While the citizenship and residency of the remaining two defendants is unclear, diversity is destroyed simply because Plaintiff and one defendant are citizens of the same state. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) (a case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state). Therefore, the Court does not have diversity jurisdiction to hear this case.

## II.   CONCLUSION

Having no federal question jurisdiction and no diversity jurisdiction, the Court does not have the authority to hear Plaintiff's case and must dismiss the case for lack of jurisdiction. Accordingly, the Court hereby GRANTS Defendants' motions to dismiss (Doc. Nos. 7, 12) and dismisses this case against all Defendants with prejudice. Plaintiff's Motion for Appointment of Counsel is hereby denied as moot. (Doc. No. 5). If Plaintiff wishes to continue her case, she must do so in Texas state court.

SIGNED at this 4th day of December 2023.

Andrew S. Hanen
United States District Judge